IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR COMPANY OF JAPAN, LTD., <br><br> Plaintiff, <br><br> v. <br><br> QUANTA COMPUTER, INC., QUANTA STORAGE, INC., QUANTA COMPUTER USA, INC., QUANTA STORAGE AMERICA, INC., <br><br> Defendants. <br> ———————————————————/ <br><br> QUANTA STORAGE, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> PHILIPS TAIWAN, LTD., BUSINESS LINE DATA, PHILIPS OPTICAL STORAGE, <br><br> Third-Party Defendant. <br> ———————————————————/ | No. C 06-04222 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION FOR EXTENSION OF THE CASE MANAGEMENT SCHEDULE** |

**INTRODUCTION**

In this patent-infringement action, third-party defendant moves for an extension of dates in the case management order. It proposes an alternative schedule that defendants do not oppose. Plaintiff, however, argues that it would suffer prejudice if the trial date in this case were moved. Third-party defendant has shown that an extension of the dates for

1  claim-construction proceedings is warranted, but this order sees no justification for changing a
2  trial date nearly 10 months in the future. Accordingly, third-party defendant's motion to extend
3  the case management order is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Victor Company of Japan, Ltd., ("JVC") filed this patent-infringement action against defendants Quanta Computer, Inc., Quanta Storage, Inc., Quanta Computer USA, Inc., and Quanta Storage America, Inc. on July 10, 2006. The complaint alleged that Quanta had infringed three of JVC's patents. JVC filed an amended complaint on September 21, 2006. Quanta responded on October 23, 2006, filing a counterclaim against JVC for infringement of one of its own patents. A case management conference was held on November 16, 2006.

Quanta filed a complaint for third-party indemnification against third-party defendants Philips Taiwan Ltd., Business Line Data, and Philips Optical Storage on November 6, 2006. Philips was not served until November 28, 2006, nearly two weeks after the case management conference took place. Philips answered the third-party complaint on December 27, 2006, filing counterclaims and cross-claims. JVC and Quanta answered on January 16, 2007.

Philips declares that it has been diligently pursuing its defenses since being served with the complaint. It has been hampered in doing so because documents relevant to its non-infringement and invalidity cases are spread across several countries and are in several different languages (Lin Decl. ¶ 4). Philips also stated that it was engaged in cross-license negotiations with Matsushita Electric Industrial Corporation, JVC's parent company (Tsugaru Decl. ¶¶ 3–4; Hocker Decl. ¶¶ 2–5). The negotiations led it to believe that it would not be accused of infringement in this action. Philips learned with certainty on January 16, 2007, that JVC had accused its products of infringing (Hocker Decl. ¶ 6). Philips has not yet been served with JVC's preliminary infringement contentions and has only received the document production associated with them on February 28, 2007 (*id*. at ¶ 13–14).

Claim-construction proceedings in this action were slated to begin on March 14, 2007, with the parties exchanging proposed terms. According to the case management scheduling

order, the claim-construction hearing is scheduled for May 23, 2007, and trial is set for January 7, 2008.

**ANALYSIS**

Under FRCP 16(b), a case management schedule "shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." The good cause standard focuses primarily on the diligence of the moving party. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Prejudice to the non-moving party, while not required, can supply an additional reason for denying the motion." If the party seeking amendment was not diligent, however, the inquiry should end. *Coleman v. Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Prior to the filing of this motion, parties met and conferred regarding adjustments to the schedule. All parties have agreed to adjust the dates for claim-construction proceedings. Philips proposed moving the claim-construction schedule back by three weeks. Under this regime, the claim-construction hearing would fall on June 13, 2007, but because of trial counsel's conflicts, Philips proposes a date of June 26, 2007. Given that date, Philips argues that the proposed schedule would leave too little time between claim-construction proceedings and the close of discovery. JVC contends in response that the trial date should stay the same. Quanta agrees to all of Philips' proposed date changes except for a potential scheduling conflict with the proposed trial date.

Philips has demonstrated that it has been diligent in seeking amendment of the case management order. Shortly after confirming that it would be accused of infringement, Philips met and conferred with the other parties to attempt to adjust the dates. After not getting the desired result, Philips filed this motion. Philips has demonstrated that it cannot, despite diligently pursuing its defenses, sufficiently develop non-infringement and invalidity positions to exchange preliminary claim constructions by the end of this month. Its documents, some of which must be translated, are spread out over several countries. It cannot be expected to investigate JVC's claims, conduct its own prior art searches and start marshaling a non-

infringement case in such a short time. Moreover, the non-moving parties agree to extend the dates for claim construction, thus they will suffer no prejudice from these limited amendments.

Accordingly, Philips' proposed schedule will be adopted for dates up to and including the claim-construction hearing. For now, the Court will set the claim-construction hearing for June 13, 2007, subject to the availability of plaintiff's trial counsel.

Philips' proposal to extend the discovery deadlines and trial dates is a far tougher sell. Trial is nearly ten months away. The first discovery deadline is nearly six months away. Through no fault of their own, Philips was a latecomer to this action, but it has not shown good cause why it cannot keep deadlines so far in the future. It will have ample time to prepare for dispositive motions and trial on the current schedule. Philips also contends that setting the claim-construction hearing for June 26, 2007, as it proposes, would leave only a short time between the issuance of a claim-construction order and the close of discovery. Philips forgets that the schedule applies to all parties. Third-party defendant would not suffer uniquely because it will have had plenty of time to come up to speed in this action. There is no right to have any claim construction prior to the case going to the jury, although this Court usually construes the most important terms prior to summary judgment practice. There is no right to have discovery following a claim-construction ruling.

Finally, JVC asserts that it would suffer prejudice if the trial date was continued because Quanta and Philips could continue infringing its patents. JVC's argument is premised on the very thing it must prove: Quanta's and Philips' infringement. It is true, however, that JVC could suffer some harm in delaying the resolution of this action. At any event, Philips has not shown that it cannot meet all deadlines despite its diligence, so the discovery deadlines and trial date set by the case management order will not be disturbed. Accordingly, Philips' motion to extend the case management schedule is **GRANTED IN PART AND DENIED IN PART**.

## CONCLUSION

For the reasons stated above, third-party defendants' motion to extend the case management order is **GRANTED IN PART AND DENIED IN PART**. The dates for claim-construction proceedings stated below will govern in this action.

4

1    Parties shall exchange lists of proposed terms for claim construction no later than **APRIL
2 4, 2007**.

3    Parties shall exchange preliminary claim constructions no later than **APRIL 18, 2007**.

4    Parties shall file a joint claim construction and prehearing statement no later than **MAY
5 2, 2007**.

6    Plaintiff shall file its opening claim construction brief no later than **MAY 9, 2007**.

7    Defendants and third-party defendant shall file their responsive claim construction briefs
8 no later than **MAY 23, 2007**.

9    Plaintiff shall file its reply claim-construction brief no later than **MAY 30, 2007**.

10    The claim-construction tutorial will be held on **MAY 30, 2007, AT 1:30 P.M.**

11    The claim-construction hearing will be held on **JUNE 13, 2007, AT 1:30 P.M.**, subject to
12 the availability of plaintiff's trial counsel.  If counsel is unavailable, the claim-construction
13 hearing will be held on June 26, 2007.

14    All other dates set forth in the case management order dated November 16, 2006, still
15 govern.  The last day for non-expert discovery and the last day to disclose expert reports is
16 **AUGUST 24, 2007**.  The last day to file dispositive motions, to be heard on the 35-day track, is
17 **OCTOBER 11, 2007**.  The final pretrial conference will be held on **DECEMBER 17, 2007, AT 2:00
18 P.M.**, and trial will begin on **JANUARY 7, 2007, AT 7:30 A.M.**

20    **IT IS SO ORDERED.**

22    Dated: March 15, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5